Citation Nr: 1806341 
Decision Date: 01/09/18 Archive Date: 02/07/18

DOCKET NO. 14-15 260 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for service connection for a cervical spine disorder.

2. Entitlement to service connection for neurogenic bowel dysfunction.

3. Entitlement to service connection for neurogenic bladder disorder.

4. Entitlement to service connection for autonomic dysreflexia.

5. Entitlement to service connection for peripheral vestibular disorder.

6. Entitlement to a disability rating for a traumatic brain injury (TBI) in excess of 40 percent prior to September 30, 2016 and in excess of 70 percent thereafter.

7. Entitlement to a compensable disability rating for hearing loss of the right ear.

8. Entitlement to a temporary total disability rating based on hospitalization in excess of 21 days prior to October 9, 2013 and after November 30, 2013.

9. Entitlement to special monthly compensation based on the need for aid and attendance or housebound status (SMC A&A) prior to October 2013 and after November 30, 2013.


REPRESENTATION

Veteran represented by: Robert V. Chisholm, Attorney


ATTORNEY FOR THE BOARD

David R. Seaton, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1979 to October 1981.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from rating decisions of Department of Veterans Affairs (VA) Regional Offices (ROs) Huntington, West Virginia, Reno Nevada, and Winston-Salem, North Carolina made in February 2010, March 2013, October 2013, and July 2015. 

These matters were previously before the Board, and, in May 2016, these matters were remanded for further development. Further development in substantial compliance with the Board's remand instructions was completed, and these matters were returned to the Board on March 23, 2017. On March 31, 2017, the Veteran withdrew all the matters on appeal.
The Board notes that the written notice withdrawing the issues from consideration also claimed that the following issues were also before the Board: entitlement to a disability rating in excess of 20 percent for a right clavicle disorder; entitlement to an effective date to a total disability due to unemployability (TDIU) earlier than April 15, 2009; and entitlement to dependents education assistance benefits (DEA) prior to April 15, 2009. The issue of entitlement to a disability rating for a right clavicle disorder was previously adjudicated by the Board in May 2016 and was no longer before the Board. Additionally, the period on appeal is from April 15, 2009 to present. Therefore, the Veteran has already been granted TDIU and DEA for the entire period on appeal.

The Board notes that in July 2017 the Veteran's representative contacted the Board to state that he no longer represented the Veteran. On September 25, 2017, the Board contacted the Veteran's representative and the Veteran to indicate that the Board considered the July 2017 communication a motion for withdrawal of representation, but that the Veteran's representative would be considered to still represent the Veteran until the motion was disposed of. 


FINDING OF FACT

A signed statement from the Veteran, dated March 20, 2017, was received by VA, on March 31, 2017 prior to the promulgation of a decision by the Board but after the appeal was returned to the Board on March 23, 2017, in which the Veteran expressed her desire to withdraw the issues on appeal. 


CONCLUSION OF LAW

The criteria for withdrawal of an appeal by the Veteran have been met. 38 U.S.C. § 7105(b)(2), (d)(5) (2012); 38 C.F.R. § 20.204 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the Veteran or by her authorized representative. 38 C.F.R. § 20.204. In the present case, the Veteran has withdrawn this appeal and, hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal, and it is dismissed.


ORDER

The issue of entitlement to service connection for service connection for a cervical spine disorder is dismissed.

The issue of entitlement to service connection for neurogenic bowel dysfunction is dismissed.

The issue of entitlement to service connection for neurogenic bladder disorder is dismissed.

The issue of entitlement to service connection for autonomic dysreflexia is dismissed.

The issue of entitlement to service connection for peripheral vestibular disorder is dismissed.

The issue of entitlement to a disability rating for a traumatic brain injury (TBI) in excess of 40 percent prior to September 30, 2016 and in excess of 70 percent thereafter is dismissed.
The issue of entitlement to a compensable disability rating for hearing loss of the right ear is dismissed.

The issue of entitlement to a temporary total disability rating based on hospitalization in excess of 21 days prior to October 9, 2013 and after November 30, 2013 is dismissed.

The issue of entitlement to SMC A&A prior to October 2013 and after November 30, 2013 is dismissed.




____________________________________________
MATTHEW W. BLACKWELDER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs